RICHARD SALTER v. HENRY A. CLINCH AND MRS. MARY L. GRIEFF.

Purchasers at sheriffs sales, who pay the full price of property struck off to them, should not be thereafter exposed to molestation by parties entitled to a portion of the price,

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Buchanan & Gilmore*, for plaintiff. *Lacey & Marr*, for defendants.

ILSLEY, J. The plaintiff, Richard Salter, being the holder of the second and last installment note, bearing the vendor's privilege, and special mortgage on two certain lots of ground, etc., in New Orleans, caused executory process to be issued against the property affected with his lien, to satisfy the amount of the note held by him, and which note, on the day of the sheriff's sale, amounted to the sum of $3,452, one hundred dollars less than the net amount, which resulted from the sheriff's sale.

On the suggestion of the purchaser of the mortgaged property, that the mortgage note first maturing was outstanding and unaccounted for, the District Court decided that the purchaser might retain in her hands one half of the net proceeds of the sale (being $1,775) to be applied to the payment of the said note, representing a part of the same mortgage debt, and that the plaintiff should only receive the other half of the proceeds thereof, leaving of his claim, in principal, still unpaid, $1,677. The seizing creditor having discovered, as he supposed, that the first installment note had been paid, took out, on the 20th October, 1865, a rule upon the purchaser to show cause why she should not pay him the balance in her hands.

The rule was excepted to, because the defendant in the executory process was not made a party to it.

This exception does not appear to have been disposed of by the Court below, and the rule, after a hearing contradictorily thereon, was made unconditionally absolute.

We cannot perceive the necessity for making the defendant in execution a party to the rule.

For, if both notes were outstanding and unpaid, the fund would be clearly insufficient to satisfy them, and it would be distributed between the holders of the same according to law.   If only one note remained to be satisfied, the holder of it could only get that balance under his writ of seizure and sale ; and, what remained of the price, the sheriff would, under Article 704 C. P., receive and pay to the seized debtor.

Upon the merits, we concur with the Judge of the Court below, that the first note was paid, but before its maturity, and there is no proof that it was withdrawn or put out of circulation, when it was paid, and it might have gone into the hands of some bona fide holder before it became due.

Purchasers at sheriffs' sales, who pay the full price of property struck off to them, should not be thereafter exposed to molestation by parties entitled to a portion of the price.   Perhaps, but little is to be apprehended from any claim on account of the appearance hereafter of the first note, or from the claim of the United States, resulting from their sequestration of the fund.   But the purchaser must be fully protected against any such possibility, and we will render such a decree as will prevent the fund from being tied up indefinitely; but will, at the same time, afford ample protection to the purchaser.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to require from the plaintiff in the rule, Richard Salter, a bond to be filed in Court, for the full amount of the sum to be paid to him by the said decree, in favor of the purchaser, Mrs. Grieff, to indemnify and secure her for any loss or damage that she may sustain in consequence of any claim on the fund or price, that may be at any time substantiated thereupon, by any bona fide holder of the first note, forming a part of the price of the property seized under the order of seizure and sale, or by the United States; the said bond to be so filed before the payment to the said plaintiff of the sum claimed by him on the rule, and that, so amended, the judgment of the District Court be affirmed.

It is further ordered, that the costs in the Court below be paid by the defendant in the rule, and the costs in this Court by the plaintiff therein.